## Rule 56. Summary Judgment

**(a) By a Claiming Party.** A party claiming relief may move, with or without supporting affidavits, for summary judgment on all or part of the claim. The motion may be filed at any time after:

  **(1)** 20 days have passed from commencement of the action; or

  **(2)** the opposing party serves a motion for summary judgment.

**(b) By a Defending Party.** A party against whom relief is sought may move at any time, with or without supporting affidavits, for summary judgment on all or part of the claim.

**(c) Serving the Motion; Proceedings.** The motion must be served at least 10 days before the day set for the hearing. An opposing party may serve opposing affidavits before the hearing day. The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

**(d) Case Not Fully Adjudicated on the Motion.**

  **(1)** *Establishing Facts.* If summary judgment is not rendered on the whole action, the court should, to the extent practicable, determine what material facts are not genuinely at issue. The court should so determine by examining the pleadings and evidence before it and by interrogating the attorneys. It should then issue an order specifying what facts--including items of damages or other relief--are not genuinely at issue. The facts so specified must be treated as established in the action.

  **(2)** *Establishing Liability.* An interlocutory summary judgment may be rendered on liability alone, even if there is a genuine issue on the amount of damages.

**(e) Affidavits; Further Testimony.**

  **(1)** *In General.* A supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated. If a paper or part of a paper is referred to in an affidavit, a sworn or certified copy must be attached to or served with the affidavit. The court may permit an affidavit to be supplemented or opposed by depositions, answers to interrogatories, or additional affidavits.

  **(2)** *Opposing Party's Obligation to Respond.* When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must--by affidavits or as otherwise provided in this rule--set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

**(f) When Affidavits Are Unavailable.** If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

  **(1)** deny the motion;

        **(2)** order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or

        **(3)** issue any other just order.

**(g) Affidavit Submitted in Bad Faith.** If satisfied that an affidavit under this rule is submitted in bad faith or solely for delay, the court must order the submitting party to pay the other party the reasonable expenses, including attorney's fees, it incurred as a result. An offending party or attorney may also be held in contempt.